[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this third amended petition for a writ of habeas corpus alleging that his criminal trial attorney, Thomas Conroy, was ineffective in assisting him in that he (1) failed to call a critical defense witness, David Lewis; (2) failed to properly investigate the case including other possible suspects; (3) failed to review advantages and disadvantages of petitioner's testimony at trial; (4) failed to discuss the state's case with the petitioner; (5) failed to object to prejudicial and inflammatory comments by the State during summation; (6) failed to properly challenge the introduction of the petitioner's taped statement; (7) failed to object to the testimony of Detective Ingraham concerning petitioner's invoking his right to silence; (8) failed to ensure a fair and counsel, Richard Emmanuel, was ineffective in assisting him in that he (1) failed to satisfy the third prong of the Golding analysis in that the court violated his constitutional right to confront a witness, Kenneth Pascoe, resulting in an unfair trial; (2) failed to brief petitioner's claim as to his ineffective waiver of his probable cause hearing; (3) failed to brief his claim concerning improper reference to his assertion of his right to remain silent during his custody; and (4) failed to raise the issue of the State's improper summation.
The petitioner was arrested and convicted on the charge of the attempted murder of Kenneth Pascoe and conspiracy to commit the murder of Fitzroy Pink. The petitioner and David Lewis were friends and on September 18, 1988 they went to a field contiguous to Goffe and County Streets in New Haven and played soccer with others. Both left the game and walked to Lewis' car which was parked on County Street, placed their soccer shoes in the car and CT Page 7307 each obtained an automatic handgun therefrom. Moments later the petitioner approached the car of Kenneth Pascoe, raised the handgun, pointed it at Pascoe and said "you're dead". The gun failed to discharge but Pascoe heard it "click" twice next to his ear. Immediately thereafter, Lewis, who was just across the street fired his handgun at Fitzroy Pink, a good friend of Pascoe resulting in his death. Both the petitioner and Lewis fled the scene together. In being questioned about the case subsequently the petitioner in an attempt to deceive gave a false name. At that time he denied he had played soccer on that date and denied he was even in the United States at the time. He denied knowing Lewis and when the officer mentioned Pascoe's name, he was startled but also denied knowing Pascoe. When Lewis was arrested one year later, he was carrying an identification card bearing the name and photograph of the petitioner.
The petitioner called two witnesses, himself and his criminal trial attorney. The petitioner besides stating that he claims each of his allegations as to his trial and appellate counsel's ineffectiveness in assisting him, called only his trial counsel and submitted the trial transcript. He believed that his co-defendant, David Lewis, was subpoenaed for his trial but was not called because his attorney did not know what he would say. He claimed that his statement to the police came into evidence even though he was not given his Miranda rights.
Attorney Conroy testified that he does not remember much about the case. He did remember sitting through David Lewis' case and that Jerome Bailey testified that he saw Lewis shoot Pink. He believes Kenneth Pascoe was the principal witness against the petitioner. He recalled that Lewis was not called in the petitioner's case but doesn't recall that the petitioner requested him. He does remember discussing with the petitioner about his testimony but he did not testify. His defense theory was misidentification by attempting to show Pascoe was not accurate.
Although Lewis was available the petitioner did not call him; he did not introduce evidence of any other possible suspects; he offered no evidence of any advantages which he might have if he testified at his criminal trial or what further discussions should have been had; he offered no facts nor law as to anything improper in the State's summation; the transcript, Petitioner's Exhibit 5; demonstrated that there were motions filed concerning the petitioner's statements to both Det. Ingraham and Sgt. Ortiz CT Page 7308 and that the trial judge properly determined the factual circumstances as to advising the petitioner of his constitutional rights before such evidence was offered at trial; he offered no evidence as to how the representation on the jury was unfair or why a "Batson" challenge should have been made.
As to the claims against his appellate counsel he has offered no evidence of an ineffective waiver of his hearing in probable cause, and what was improper in the State's summation. As stated above there were challenges to the offer of his statements which were not shown to have been improperly offered in trial. As to petitioner's claim that appellate counsel failed to satisfy the third prong of the Golding analysis in the claim of a constitutional violation of the petitioner's right to confrontation the Supreme Court ruled that "Because the court allowed significant cross-examination on the issue of Pascoe's veracity, we conclude that the defendant's right to confrontation was not violated." State v. Pinnock, 220 Conn. 765, 779.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove counsel's representation fell below an objective standard of reasonableness. Id. 694.
There is no reasonable probability that a new trial would produce a different result. The petitioner has offered no new evidence to that given at his criminal trial and the Supreme Court has already ruled "that the evidence was sufficient to support the jury's verdict on both counts." State v. Pinnock, supra, 770.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee